MURTON D. STRIMLING and BRENDA STRIMLING, ET AL., [1] Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent Strimling v. Commissioner
Docket Nos. 8766-80, 8767-80, 8768-80, 9105-80, 9106-80, 9337-80, 9340-80, 9902-80, 10191-80, 10698-80.
United States Tax Court
T.C. Memo 1983-281; 1983 Tax Ct. Memo LEXIS 507; 46 T.C.M. (CCH) 211; T.C.M. (RIA) 83281; May 23, 1983. *507 Petitioners established Clifford Trusts for the benefit of their children. They funded the trusts with cash and their own promissory notes made payable to the trustees. Held: For lack of consideration, the notes are unenforceable under state law. Thus, payments on the notes constitute nondeductible gifts. Bruce I. Hochman and William M. Weintraub, for the petitioners. Jeffry L. Millward, for the respondent. FAY
FAY, Judge: Respondent determined deficiencies in petitioners' 1976 Federal income tax as follows: Name
Docket No.
Deficiency
Murton D. and
8766-80
$3,000.00
Brenda Strimling
Frank S. and
8767-80
3,072.00
Diana Cavallaro
Sherman C. and
8768-80
1,122.00
Gayle H. Rogers
Steven C. and
9105-80
465.00
Wendy A. Kalb
Erven J. and
9106-80
3,428.00
Marion T. Nelson
Richard B. and
9337-80
599.00
Jeanne Scarff
John and Ann
9340-80
4,898.00
Robarts
Patrick M. and
9902-80
3,599.00
Grace Flanagan
Remo and Esther
10191-80
2,830.00
Z. Bedotto
Albert C. and
10698-80
3,064.00
Eunice Merkin
These cases have been consolidated for trial, briefing, and opinion. The issue is whether petitioners are entitled to deduct interest payments made on certain notes contributed to trusts established for the benefit of their children. FINDINGS *508 OF FACT Some of the facts are stipulated and found accordingly. All petitioners in these consolidated cases were residents of Las Vegas, Nev., when they filed their petitions herein. Late in 1976, petitioners engaged the Las Vegas accounting firm of Keltner, Milam & Co. for the purpose of establishing trusts for the benefit of their children. The trust agreements designate Keltner, Milam & Co. as trustees and provide that the trust property will not revert to the grantor until 10 years and 10 days after the property has been contributed to the trust. Petitioners funded the trusts with $10.00 and their own promissory notes, ranging in amounts of $10,000 to $85,000, made payable to the trustees. The notes require the principal to be paid in 6 equal installments beginning in 1980, bear an annual rate of interest of 12 percent on the unpaid principal, and are secured by a deed of trust on the grantor's residence or, in some cases, on the grantor's common stock in his professional association. Petitioners made their first interest payments immediately after the notes were delivered to the trustees. Petitioners claimed deductions on their 1976 Federal income tax returns for interest *509 payments allegedly made on the notes in 1976. In his notices of deficiency, respondent disallowed these deductions. OPINION The issue is whether petitioners are entitled to deduct interest payments made on the notes. Petitioners contend the transactions herein comply with the grantor trust rules since the notes are property and were transferred to trusts for a period greater than 10 years. Secs. 671-678. [2] Respondent contends that, notwithstanding the grantor trust rules, such interest payments are not deductible because the notes were given without consideration and are, thus, unenforceable. [3] *510 We agree with respondent. This Court has held on several occasions that interest paid on an unenforceable obligation is not deductible. ; , affd. ; , affd. . [4] *511 Whether an obligation is legally enforceable is a question that must be analyzed under State law. ; The transactions herein took place in Nevada; thus, the laws of Nevada are controlling. Under Nevada law, as under the common law, a promissory note executed as a gift is clearly not enforceable by the donee against the donor. ; ; . See (New Jersey law); (Iowa law); ; . Petitioners admit they received no actual consideration for the notes. They contend, however, that the trustees' assumption of fiduciary duties constitutes a substitute for consideration and thereby renders the notes enforceable. There is simply no support for this proposition. See ;, affg. a Memorandum Opinion of this Court; , affg. . Moreover, the trustees' fiduciary duties herein arise from the trust agreements and the laws of Nevada governing the conduct of trustees, not from their receipt of petitioners' notes. Under Nevada law, a promise to do what one is already legally bound to perform does not constitute valid consideration. See . Thus, we conclude petitioners did not receive valid consideration for the notes. [5] *512 Petitioners' alternative contention that the notes are enforceable because they are secured by deeds of trust is likewise unsupportable. The general rule under common law is that if a note is unenforceable, the security for the note falls with it. ; ; ; . A deed of trust merely secures the underlying obligation. The obligation is not rendered any more *513 enforceable simply because it is secured in some way. In conclusion, since petitioners' notes were not legally enforceable in Nevada, payments of interest on the notes were wholly gratuitous and, therefore, are not deductible under section 163(a). To reflect the foregoing, Decisions will be entered for respondent.
Footnotes
1. Cases of the following petitioners are consolidated herewith: Frank S. Cavallaro and Diana Cavallaro, docket No. 8767-80; Sherman C. Rogers and Gayle H. Rogers, docket No. 8768-80; Steven C. Kalb and Wendy A. Kalb, docket No. 9105-80; Erven J. Nelson and Marion T. Nelson, docket No. 9106-80; Richard B. Scarff, Jr. and Jeanne Scarff, docket No. 9337-80; John Robarts and Ann Robarts, docket No. 9340-80; Patrick M. Flanagan and Grace Flanagan, docket No. 9902-80; Remo Bedotto and Esther Z. Bedotto, docket No. 10191-80; and Albert C. Merkin and Eunice Merkin, docket No. 10698-80.↩
2. All section references are to the Internal Revenue Code of 1954, as amended. ↩
3. Respondent argues in the alternative that petitioners' transfer of the notes to the trusts constituted nothing more than sham transactions. He also contends petitioners failed to execute both the trust agreements and the notes until 1977 and, thus, no valid indebtedness existed as of December 31, 1976. Based on our conclusions herein, it is unnecessary for us to consider these issues. Consequently, it is also unnecessary for us to rule on the evidentiary issues raised by respondent at trial.
4. See also .
5. Petitioners argue lack of consideration is a personal defense available only to the parties to the notes and, thus, respondent cannot question the enforceability of the notes on such basis. We disagree. On several occasions this Court has held that a note did not represent valid indebtedness due to a lack of consideration. See text, supra.↩ Petitioners rely solely on cases involving the question of whether a sale should be recognized for tax purposes when the statute of frauds has been violated. ; , affd. ; ; . We find those cases are not applicable herein.