734 F.2d 1377
 84-2 USTC P 9554
 Murton D. STRIMLING and Brenda Strimling, Frank S. Cavallaro
and Diana Cavallaro, Steven C. Kalb and Wendy A. Kalb, Erven
J. Nelson and Marion T. Nelson, Richard B. Scarff, Jr. and
Jeanne Scarff, John Robarts and Ann Robarts, Patrick M.
Flanagan and Grace Flanagan, Remo Bedotto and Esther Z.
Bedotto, Albert C. Merkin and Eunice Merkin, Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE, Appellee.
 CA No. 83-7617.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted March 13, 1984.
Decided June 8, 1984.
 
 Bruce I. Hochman, Hochman, Salkin & DeRoy, Beverly Hills, Cal., for appellants.
 Ernest J. Brown, Washington, D.C., for appellee.
 Appeal from the Decision of the United States Tax Court.
 Before WALLACE, KENNEDY and CANBY, Circuit Judges:
 PER CURIAM.
 
 
 1
 This appeal arises from the attempts of several taxpayers to establish "Clifford Trusts" for the benefit of their children. See 26 U.S.C. Secs. 671-78 (1976). In each case the corpus of the trust consisted of $10 cash and a promissory note executed by taxpayers in amounts ranging from $10,000 to $85,000. Taxpayers made payments to the trusts of "interest" on the notes and sought interest deductions therefor.
 
 
 2
 The Tax Court, in a well-reasoned memorandum, held that under applicable Nevada law the promissory notes were unenforceable for lack of consideration. Strimling v. Commissioner, T.C.Memo. 1983-281, 46 T.C.M. (CCH) 211 (1983). It accordingly held that taxpayers' payments of "interest" on the notes constituted nondeductible gifts rather than deductible interest payments. Id. We conclude that the Tax Court was correct in both rulings, and we adopt the reasoning of its memorandum.
 
 
 3
 Like the Tax Court, we do not reach the question whether these trusts represented sham transactions. It is enough that the payments on the unenforceable notes fail to qualify as "interest," which has been defined as the "amount one has contracted to pay for the use of borrowed money." Old Colony R. Co. v. Commissioner, 284 U.S. 552, 560, 52 S.Ct. 211, 213, 76 L.Ed. 484 (1932).
 
 
 4
 AFFIRMED.